## J. B. SHIFFER v. J. A. BROADHEAD ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 16, 1890—Decided May 5, 1890.

Where the defendants, in an action of trespass for cutting and removing
    timber trees, had the right, under a contract executed by the plaintiff,
    to enter upon the plaintiff's land and cut and remove trees of a specified
    size, but cut and removed, in addition, other trees they were not authorized
    to take, they were not liable for the unauthorized cutting, etc., to treble
    damages under § 3, act of March 29, 1824, 8 Sm. L. 283.*

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
McCOLLUM, JJ.

No. 362 January Term 1890, Sup. Ct.; court below, No. 22
May Term 1885, C. P.

On March 4, 1885, J. B. Shiffer brought trespass against
John A. Broadhead, Abram Bellas and six others, filing a dec-
laration containing four counts: the first, for treble damages
for cutting and removing timber trees contrary to § 3, act of
March 29, 1824, 8 Sm. L. 283; the second, for double damages,
under the act, for cutting down timber trees; the third, for
damages generally for trees cut and grass and herbage de-
stroyed; and the fourth, for damages to trees cut and carried
away.   The defendants pleaded not guilty.

The cause was referred to a referee, *Mr. O. F. Nicholson.*
On the hearing, the defendants justified under a contract with
the plaintiff authorizing them to enter and cut timber trees of
certain sizes.   The referee found, as facts, that part of the tim-
ber cut and converted by the defendants they were entitled to
under the contract, but that other timber cut and removed by
the defendants, the value of which was found, was not cov-
ered by the contract and belonged to the plaintiff.   As matter
of law, however, the referee found that, as the defendants had
the right to enter and cut timber which belonged to them un-

---

*See Wheeler v. Carpenter, 107 Pa. 271.   As to the writing of a sylla-
bus in such a case as this, see MEMORANDUM, 133 Pa., p. XXI., in the
preliminary matter.

Opinion of the Court.

der the contract, trespass did not lie for the cutting and removal of that which belonged to the plaintiff, and this ruling was sustained by the court below. On writ of error to this court, at No. 47 January Term 1889, Sup. Ct., the conclusion of law reported by the referee and affirmed by the court below was reversed, with a procedendo: Shiffer v. Broadhead, 126 Pa. 260.

The remittitur having been filed in the court below, the plaintiff moved for judgment for treble damages, which was refused in the following order:

"The motion of plaintiff for judgment for treble damages is refused; and, in pursuance of the opinion and judgment of the Supreme Court in this case, it is now ordered that judgment be entered in favor of the plaintiff and against the defendants, for the sum of one hundred and twenty-four dollars and fifty cents, that being the value of thirty-six thousand and seventy-one feet of lumber, at the price of three dollars and fifty cents per thousand feet, as found by the referee in his final report."

Thereupon the plaintiff took this appeal assigning the refusal of his motion for error.

*Mr. F. M. Nichols*, for the appellant.
Counsel cited: Welsh v. Anthony, 16 Pa. 254; Hughes v. Stevens, 36 Pa. 320; Watson v. Rynd, 76 Pa. 59; O'Reilly v. Shadle, 33 Pa. 489.

*Mr. William S. McLean*, for the appellees.
Counsel cited: Wheeler v. Carpenter, 107 Pa. 271; Yeakle v. Jacob, 33 Pa. 376; Pattison's App., 61 Pa. 294; Bowers v. Bowers, 95 Pa. 477; Boults v. Mitchell, 15 Pa. 381; Bush v. Gamble, 127 Pa. 43.

PER CURIAM:
It requires no argument to show that this was not a case for treble damages. The learned judge below was therefore right in entering the judgment for single damages only.

　　　　　　　　　　　　　　　　Judgment affirmed.